Ann Marie Mortimer (State Bar No. 169077)
amortimer@hunton.com
Jason J. Kim (State Bar No. 221476)
kimj@hunton.com
Kirk A. Hornbeck (State Bar No. 241708)
khornbeck@hunton.com
**HUNTON & WILLIAMS LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
Yahoo! Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MICHELLE BOURAS, on behalf of herself, the general public, and all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>YAHOO! INC.; and DOES 1 through 100,<br><br>      Defendants. | CASE NO.: 8:16-cv-01962<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1446 AND 1453**<br><br>Complaint Filed: September 27, 2016 |

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1446 & 1453

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION:**

**PLEASE TAKE NOTICE** that Defendant Yahoo! Inc. ("Yahoo") hereby removes to this Court, pursuant to 28 U.S.C. §§ 1446, 1453 and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1711, *et seq.*, the state court action described below. In support thereof, Yahoo states as follows:

## I.
## INTRODUCTION

1. On September 22, 2016, Yahoo announced that a recent investigation confirmed that a copy of certain user account information was stolen from the company's network in late 2014, by what it believes is a state-sponsored actor. Following that announcement through today, over 20 similar lawsuits have been filed against Yahoo. In each, plaintiffs allege Yahoo failed to adequately safeguard users' information, resulting in alleged harm to them and putative class members.[1]

2. This is one of those lawsuits. On September 27, 2016, within five days of Yahoo's announcement, Plaintiff Michelle Bouras ("Plaintiff") filed this putative class action in the Superior Court for the State of California, County of Orange, Case No. 30-2016-00877883-CU-BT-CXC (the "State Action"). Plaintiff served Yahoo with the Summons and Class Action Complaint (the "Complaint") on September 29, 2016. Upon information and belief, there have been no other proceedings in the State Action.

3. Plaintiff asserts five causes of action against Yahoo, all of which stem from the criminal intrusion into Yahoo's systems: (1) violations of the California Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; (2) violations of California Business & Professions Code § 17200, *et seq.*; (3) violations of the California

---

[1] Yahoo denies any wrongdoing, that Plaintiff and the putative class suffered any cognizable harm, or that Plaintiff and the putative class are entitled to any recovery from Yahoo.

1  Customer Records Act, Cal. Civ. Code § 1798.80, *et seq.* (the "Customer Records
2  Act"); (4) negligence; and (5) breach of contract.  *See* Compl. ¶¶ 54-118.  All of
3  Plaintiff's causes of action arise from an alleged intrusion into Yahoo's network in
4  2014 in which certain "personal account information associated with at least 500
5  million user accounts" was allegedly stolen.  *Id.* ¶ 6.

6      4.    On behalf of herself and the putative class, Plaintiff seeks, among other
7  things:  compensatory and general damages; reimbursement, restitution and
8  disgorgement; $1,000 per putative class member in nominal damages pursuant to
9  California Civil Code § 56.36(b)(1); injunctive and/or declaratory relief; as well as
10  attorneys' fees and costs.  *See* Compl., Prayer.

11      5.    As explained below, the State Action is one that Yahoo may remove to
12  this Court because all procedural requirements for removal are satisfied.  This Court
13  has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

## II.
## THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

17      6.    Plaintiff served Yahoo with the Complaint on September 29, 2016.  Thus,
18  Yahoo's Notice of Removal is timely because it is filed within 30 days of the date of
19  service.  28 U.S.C. § 1446(b) (timing for removal).

20      7.    Venue lies in the United States District Court for the Central District of
21  California because the State Action was filed by Plaintiff and is now pending in this
22  judicial district.  28 U.S.C. § 1446(a) (mandating venue for removal actions).

23      8.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and
24  orders served upon Yahoo, which include the Summons and Complaint, are attached
25  hereto as Exhibit A.

26      9.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is
27  being served upon Plaintiff's counsel and filed with the Clerk of the Superior Court
28  for the State of California, County of Orange.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# III.
# REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION

10. This Court has original jurisdiction over the State Action pursuant to CAFA. Under CAFA, federal courts have original jurisdiction over a class action if: (a) it involves 100 or more putative class members; (b) any class member is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); and, (c) the aggregated amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013).

11. To remove a case under CAFA, a defendant need only "file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal'"—*i.e.*, the same "liberal" pleading standard required by Federal Rule of Civil Procedure 8(a), requiring only plausible allegations as to the basis for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)). Yahoo has met that standard.

12. As set forth below, this is a putative class action in which, as alleged: (a) there are more than 100 members in Plaintiff's proposed class; (b) at least one putative class member has a different citizenship than Yahoo; and (c) the claims of the proposed class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. Accordingly, removal is proper.

**A.   The Putative Class Consists Of More Than 100 Members**

13. Plaintiff seeks to represent a class of "[a]ll persons who reside in California whose personally identifiable information was acquired by unauthorized persons in the data breach announced by Yahoo in September 2016."[2] Compl. ¶ 40.

---

[2] Plaintiff excludes from the proposed class: Yahoo, any Yahoo-affiliated entities, certain categories of Yahoo-related individuals, including employees, the presiding judge and his or her immediate family, and governmental entities. Compl. ¶ 42.

She expressly alleges those "class members number in the thousands." *Id.* ¶ 50; *see also id.* at ¶ 51 (alleging that "persons in the Class are so numerous" that the disposition of their claims would require "hundreds or thousands of individual lawsuits" absent class action treatment). Based on those allegations alone, CAFA's numerosity requirement is met.

### B. Minimal Diversity Is Satisfied

14. Under CAFA's "minimal diversity" requirement, "a federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant,'" or a citizen or subject of a foreign state. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 740 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)); *Duran v. Fernandez Bros., Inc.*, 2015 WL 7012884, at *3 (N.D. Cal. Nov. 12, 2015) (denying motion to remand because CAFA's minimal diversity requirement was satisfied where removing defendant alleged that some putative class members were "citizens or subjects of a foreign state.").

15. Yahoo is a Delaware corporation with its principal place of business in Sunnyvale, California. Compl. ¶ 10. Yahoo therefore is a citizen of Delaware and California for removal purposes. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010); 28 U.S.C. § 1332(c)(1). Under CAFA, regardless of Plaintiff's citizenship, minimal diversity exists if *any* member of the proposed class is a citizen of a state other than California, or a citizen or subject of a foreign state. 28 U.S.C. § 1332(d)(2)(A), (d)(2)(B); *Mississippi ex rel. Hood*, 134 S. Ct. at 740; *Duran*, 2015 WL 7012884, at *3. CAFA's minimal diversity requirement is satisfied here.

16. For purposes of CAFA's requirements, citizenship, not residence matters. Whereas citizens intend to be permanently domiciled in a home state, not every resident of a state is a citizen for diversity purposes. Citizenship is determined by the person's state of permanent domicile, not the state of residence, which may be transitory. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A

person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.*  For example, foreign nationals, alien residents, seasonal workers, visiting students, and military personnel temporarily assigned to the state, are residents of the state, not citizens. *Id.* (citing *Weible v. U.S.*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode. . . .")).

17. Here, Plaintiff alleges a class of California *residents*.  Compl. ¶ 40 (defining putative class to include "[a]ll persons who reside in California" and were allegedly affected by the "data breach").  Thus, Plaintiff's proposed class definition necessarily includes non-California *citizens* who merely reside in California.

18. Consistent with Plaintiff's own allegations, an unknown number of putative class members allegedly affected by the "data breach" are non-California citizens who reside in California.  California is a large state with a fluctuating and migratory population that includes millions of registered aliens, undocumented workers, students and military personnel—all of whom reside in California, but are not citizens for purposes of diversity.  Even a single non-citizen putative class member satisfies the statutory requirement for minimal diversity.  This test is easily met.

19. During the alleged class period, more than one million individuals were designated as permanent resident status in California.[3]  These "lawful permanent residents cannot be considered citizens of [California] because they are, by definition, *not* U.S. citizens." *Duran*, 2015 WL 7012884, at *3 (emphasis in original).  Yahoo alleges that at least one permanent resident had a Yahoo account during the relevant time and was allegedly affected by the security incident during the class period, thus creating minimal diversity. *Id.*  Further, none of the approximate 2.45 million

---

[3] *See* U.S. Dept. of Homeland Security, Yearbook of Immigration Statistics: 2014 (2016) (available at https://www.dhs.gov/publication/yearbook-2014) (last visited Oct. 11, 2016).

5
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1446 & 1453

undocumented workers residing in California are citizens for purposes of diversity. Yahoo alleges that at least one undocumented worker (who, by definition, is a resident, but not a citizen of California) had a Yahoo account during the class period.[4] 28 U.S.C. § 1332 (d)(2)(B).

20.  In addition, there is a large population of non-citizen students residing in California who intend to return to their permanent home elsewhere in the United States or abroad in the future. For example, during the 2014-2015 academic year in which the alleged security incident occurred, more than 26,000 non-resident undergraduate students attended schools in the University of California system alone.[5] Yahoo alleges that at least one of these students had a Yahoo account and was allegedly affected by the reported security incident, thus creating minimal diversity.

21.  The resident military presence in California also includes a large population of military personnel temporarily residing in California at local military bases. Yahoo alleges that at least one member of that non-permanent population had a Yahoo account that was potentially affected by the security incident at issue. Minimal diversity exists for that additional reason.

22.  As shown above, millions of non-California citizens "reside" in this state, and, accordingly, fall within Plaintiff's class definition. Yahoo alleges that at least one had a Yahoo account during the relevant timeframe, thereby satisfying CAFA's requirement of minimal diversity.

C.  **The Amount-In-Controversy Requirement Is Satisfied**

23.  To establish that CAFA's amount-in-controversy requirement is satisfied, Yahoo "need include only a plausible allegation that the amount in controversy

---

[4] *See* The Sacramento Bee (November 18, 2014) (available at http://www.sacbee.com/news/politics-government/capitol-alert/article3999037.html) (last visited Oct. 11, 2016).

[5] *See* University of California Fall Enrollment at a Glance, http://universityofcalifornia.edu/infocenter/fall-enrollment-glance (last visited Oct. 7, 2016) ("Level & Residency" tab).

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1446 & 1453

1  exceeds the jurisdictional threshold" of $5 million.  *Dart Cherokee*, 135 S. Ct. at 554.
2  Yahoo has done so here.

3      24.    Although Yahoo denies that Plaintiff or any putative class member
4  suffered any cognizable injury as a result of the security incident at issue, Plaintiff
5  asserts causes of action for negligence, breach of contract, and violation of the
6  Customer Records Act, among others.  Compl. ¶¶ 79-118.  She seeks classwide
7  damages for "expenses related to monitoring [the putative class members'] financial
8  accounts for fraudulent activity."  *Id.* ¶ 91; *see also id.* at ¶¶ 105 (damages for alleged
9  negligence), 117 (damages for alleged breach of contract).  Plaintiff claims the
10 putative class has suffered, and will continue to suffer, harm arising from the
11 "purchase of credit monitoring and/or identify theft protection services."  *Id.* ¶ 37.
12 Further, Plaintiff claims that alleged harm will "continue for years."  *Id.* ¶ 33 (internal
13 quotation marks omitted).

14     25.    Credit monitoring services alone can cost between $110 and $330 each
15 year per person.[6]  Accepting Plaintiff's allegations as true only for purposes of
16 removal jurisdiction analysis, the amount-in-controversy requirement is satisfied.
17 Plaintiff's proposed class may include as many as 2.65 million California residents.[7]
18 Even if credit monitoring was the only form of relief sought by Plaintiff, and the
19 putative class was mere thousands—not millions—the amount-in-controversy
20 requirement for CAFA would still be met by virtue of Plaintiff's demand for three
21 years of credit monitoring service alone.  For example, 16,000 class members

---

[6] *See, e.g.*, http://www.identityguard.com/credit-monitoring-service/ ($19.99/mo.) and https://store.lifelock.com/enrollment (offering plans ranging from $109.89 to $329.89 per year) (last visited Oct. 7, 2016).

[7] Plaintiff claims "500 million user accounts" worldwide were affected by the alleged intrusion into Yahoo's systems.  *See* Compl. ¶ 6.  Given that California residents represent about 0.53 percent of the world's population, and applying that same percentage to the "500 million user accounts" worldwide, Yahoo alleges Plaintiff's proposed class includes up to 2.65 million individuals.

1 purchasing a lower-cost plan of $110 annually for three years would total $5.28 million.

26. But Plaintiff alleges entitlement to additional damages. Specifically, Plaintiff also seeks $1,000 for each putative class member under California Civil Code § 56.36(b)(1). Compl., Prayer. Even if the proposed class contained only 5,001 Yahoo users, CAFA's jurisdictional minimum still would be satisfied, without even considering Plaintiff's prayer for reimbursement, restitution, disgorgement, injunctive, declaratory relief, or attorneys' fees. *See*, *e.g.*, *Yeroushalmi v. Blockbuster, Inc.*, 2005 WL 2083008, *5 (C.D. Cal. July 11, 2005) (including attorneys' fees for purposes of amount-in-controversy requirement, and concluding that the court had jurisdiction under CAFA).

27. Assuming even an implausibly small class membership and focusing on only one of Plaintiff's demands for damages, the amount-in-controversy requirement is met. Yahoo has plausibly alleged that CAFA's amount-in-controversy requirement is met. Therefore, removal to this Court is proper.

**WHEREFORE**, Yahoo removes the State Action to this Court, pursuant to 28 U.S.C. §§ 1446 and 1453.

Dated: October 28, 2016

**HUNTON & WILLIAMS LLP**

By:  /s/ Ann Marie Mortimer
 Ann Marie Mortimer
 Attorneys for Defendant
 Yahoo! Inc.

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

68843.001009 EMF_US 62636017v2

8
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1446 & 1453